18399.   JOHNSON, administrator, *v.* CITIZENS FIRST NATIONAL BANK OF ALBANY.

DECIDED MARCH 16, 1928.

*E. L. Smith,* for plaintiff in error.   *W. H. Burt,* contra.

JENKINS, P. J.   A common-law execution against W. A. Johnson was levied upon certain crops grown in the year 1926 and certain farming implements, all of which were on premises occupied by the defendant in fi. fa.   Johnson, in his representative capacity as administrator of his deceased wife, who had been deceased since 1918, filed a claim to the property on behalf of the estate of his

intestate. On the trial he admitted a prima facie case and assumed the burden of proof. He testified that the premises on which the crops were grown were rented by him as an individual until the year 1925, but that for the years 1925 and 1926 they were rented by him as administrator of his wife's estate; that in the fall of 1924 all of his property, except perhaps some farm tools scattered about the premises, was destroyed by fire, and that he thereafter rented the land as administrator of his wife's estate; that he qualified as such administrator in 1918; that he had not obtained an order from the ordinary to carry on her business, and that he kept no account of his personal money and the estate's money, as he considered his interests and the estate's interests as one and the same; that the farm tools levied upon were not held by the wife at the time of her death, in 1918, and he did not know when they were purchased or what was paid for them; that the money in his possession as administrator was derived from the sale of certain land belonging to the wife, but that he did not know how much of the estate's money he had in 1925 or 1926. From the testimony of the ordinary it appears that no inventory or return had ever been made by Johnson as administrator. The record is silent as to whether the wife left any heirs other than Johnson, and as to whose labor produced the crops levied upon. The jury found in favor of the plaintiff. The administrator excepts to the judgment overruling his motion for a new trial, which is based upon general grounds only.

It can not be said, as a matter of law, that the verdict finding the property subject was unauthorized, or that the testimony of the defendant in fi. fa. demanded a contrary finding.

*Judgment affirmed. Stephens and Bell, JJ., concur.*